## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICHARD D. MCKEAN,**

       **Plaintiff,**

**v.**                                   **CIV-09-1129 WJ/LAM**

**SALLY HERNANDEZ, et al.,**

       **Defendants.**

### ORDER DENYING IN PART MOTION TO QUASH SUBPOENA

**THIS MATTER** is before the Court on the New Mexico Motor Vehicle Division's (hereinafter "MVD") motion to quash Plaintiff's subpoena [*Doc. 70*], filed November 10, 2011.  On November 21, 2011, Plaintiff filed a response to the motion to quash [*Doc. 75*], and on November 23, 2011, Plaintiff filed a motion to modify the subpoena he served on the MVD [*Doc. 77*].  Having considered the motion, response to the motion, and Plaintiff's motion to modify the subpoena, the Court **FINDS** that the motion to quash should be **DENIED in part**.

The MVD states that on November 4, 2011, Plaintiff served a subpoena to produce the following documents: (1) the "Motor Vehicle Field Operations Manual from 1995 to Current," (2) "All MVD Procedural Quick Updates," (3) "Any information compiled on Richard D. McKeen" (sic), (4) "Any emails concerning ACO Policy from 1995 to Present, VIN Inspections."  [*Doc. 70* at 1-2].  The subpoena commanded that the documents be produced on November 10 and 11, 2011.  *Id.* at 2.  The MVD objects to the subpoena on the grounds that: (1) Plaintiff did not allow the MVD sufficient time to respond; (2) Plaintiff could have sought these items from Defendants during the discovery process; and (3) "[m]ost of the material sought by the subpoena is not relevant to the lone remaining issue in this case."  *Id.* at 2-3.  In response, Plaintiff states that he was at the MVD for

depositions on November 10, 2011, and he brought a copier/scanner and a flash drive to copy the Field Operations Manual, which was located in the same building as where the depositions were taking place, but Plaintiff was not allowed to copy the manual.  [*Doc. 75* at 1-2].  Plaintiff also states that it was his intent to copy the other materials as well.  *Id.* at 3.  In both his response to the motion, and in his motion to modify his subpoena [*Doc. 77*], Plaintiff asks the Court to allow him to modify his subpoena to eliminate his request for emails "concerning ACO policy from 1995 to present." [*Doc. 75* at 6 and *Doc. 77* at 1].

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), the Court must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a non-party to travel more that 100 miles; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden.  In addition, the scope of documents or information that can be obtained by a Rule 45 subpoena is the same as the scope of discovery permitted under Fed. R. Civ. P. 26.  *See Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 and n.3-5 (D. Kan. 2003).  Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The MVD first contends that Plaintiff did not give it sufficient time to respond to the subpoena.  While six days may not have been enough time for the MVD to produce the requested documents, the MVD does not address the fact that Plaintiff intended to copy the documents on his own and the MVD does not explain why Plaintiff could not have at least copied the Operations Manual on November 10, 2011, which should have been easy for the MVD to obtain quickly while the parties were conducting the depositions.  Moreover, the Court notes that the parties could have attempted to agree to a later time for Plaintiff to copy the remaining documents, such as after a

2

fourteen-day time period, which the MVD concedes would have been more appropriate. [*Doc. 70* at 2]. The Court, therefore, finds that the time period alone does not justify quashing the subpoena.

Next, the MVD contends that the subpoena should be quashed because Plaintiff could have obtained the documents from Defendants in this case through the discovery process. *Id.* at 3. However, this is not one of the bases upon which a subpoena can be quashed (*see* Fed. R. Civ. P. 45(c)(3)(A)), and, therefore, the Court will not quash the subpoena on this ground.

Finally, the MVD contends that the subpoena should be quashed because most of the material sought is not relevant to the remaining issue in this case. [*Doc. 70* at 3]. The Court disagrees. The remaining issue in this case is Plaintiff's First Amendment retaliation claim, which involves whether Plaintiff was retaliated against for complaining about a change in the MVD's policy. [*Doc. 38* at 8-10]. Plaintiff contends that the MVD's Operations Manual and Procedural Quick Updates "show how the [MVD] is making and changing their policies." [*Doc. 75* at 5]. The MVD does not dispute this contention; instead, the MVD merely states that the manual and updates cannot be relevant to the remaining issue, but fail to explain or provide any support for this statement. [*Doc. 70* at 3]. The Court also finds that any information the MVD has compiled on Plaintiff could be relevant to the question of whether there has been retaliatory action taken against him. Plaintiff has agreed to modify the subpoena to remove his request for e-mails concerning ACO policy. The Court, therefore, finds that the remaining requests in the subpoena are relevant and the subpoena should not be quashed as to those requests.

**IT IS THEREFORE ORDERED** that *New Mexico Motor Vehicle Division's Motion to Quash Plaintiff's Subpoena* [*Doc. 70*] is **DENIED in part**, and, **within fourteen (14) days** of the entry of this order, the MVD shall make available to Plaintiff for copying: (1) the Motor Vehicle

3

Field Operations Manual from 1995 to the present date, (2) all MVD Procedural Quick Updates, and (3) any information compiled on Plaintiff.

      **IT IS FURTHER ORDERED** that the motion is **GRANTED in part** regarding Plaintiff's request for emails concerning ACO Policy from 1995 to the present.

      **IT IS SO ORDERED.**

*Lourdes a. Martinez*

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

4