UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD D. MCKEAN,

      **Plaintiff,**

v.                                                       CIV-09-1129 WJ/LAM

SALLY HERNANDEZ, et al.,

      **Defendants.**

## ORDER DENYING MOTION FOR SANCTIONS

**THIS MATTER** is before the Court on Plaintiff's ***Motion for Sanctions*** *(Doc. 80)*, filed December 7, 2011. No response was filed and the time for doing so has passed, which constitutes consent to grant the motion. D. N.M. LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Having considered the motion, record of the case, and relevant law, the Court **FINDS** that Plaintiff's motion is not well-taken and shall be **DENIED**.

Plaintiff contends that Defendants had a duty under Fed. R. Civ. P. 26(a)(1)(A)(ii) to disclose certain documents to Plaintiff, and, because Defendants did not do so, Plaintiff was compelled to serve a subpoena on the Motor Vehicle Division to obtain the documents. [*Doc. 80* at 1-2]. Plaintiff states that Defendants opposed Plaintiff's motion to modify the subpoena he served on the MVD,[1] and opposed his motion for an extension of the discovery deadline so that Plaintiff could obtain the documents. *Id.* at 3. Plaintiff states that Defendants have violated Fed. R. Civ. P. 37 by failing to obey a discovery order, and he asks the Court to "enter a default judgment against the defendants

---

[1] The Court notes that, despite defense counsel's e-mail to Plaintiff stating that Defendants oppose his motion to modify his subpoena [*Doc. 80* at 8, Exhibit 2], Defendants did not file a response to Plaintiff's motion to modify his subpoena [*Doc. 77*].

for failure to make disclosures and refusing to cooperate in discovery by refusing him permission to" obtain the requested documents. *Id.* at 4.

The Court finds that Plaintiff's motion is without merit. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), a party must disclose documents that it "may use to support its claims or defenses." Plaintiff makes no showing that Defendants intend to use the documents at issue for their claims or defenses; therefore, Defendants were not obligated to provide them to Plaintiff as part of their initial disclosures. Plaintiff's claim that Defendants violated Fed. R. Civ. P. 37 by failing to disclose the documents is also without merit because Defendants are not under any Court order to disclose the documents. Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders."). For these reasons, the motion should be denied.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Sanctions (Doc. 80)* is **DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]Plaintiff attached to his motion two settlement conference proposals containing what appear to be confidential information regarding settlement offers Plaintiff has made to Defendants. [*Doc. 80* at 10-15]. As set forth in the Court's *Order Setting Settlement Conference (Doc. 54)* at 2, and as explained to Plaintiff at a telephonic status conference in this case held November 16, 2011, Plaintiff was ordered to provide his concise statement to the Court *in confidence* by mail or e-mail -- not file it in a public document. The Court cautions Plaintiff to carefully follow the Court's orders and instructions in the future. If Plaintiff desires to have the settlement information in his motion sealed, he may contact the Clerk's Office to request instructions regarding how that can be done.